**FARRELL & THURMAN, PC**
P.O. Box 671
Princeton, New Jersey 08542-0671
Phone:  (609) 924-1115
Fax:  (609)924-5266
**John L. Thurman, Esq.**
**thurman@ftlaw.net**

*For Hand Deliveries:*
 172 Tamarack Circle
 Skillman, NJ 08558

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALAN T. ROY, | : | |
| | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HONEYWELL TRADITIONAL | : | |
| RETIREE MEDICAL/VISION PLAN, | : | |
| BRIAN MARCOTTE, | : | **COMPLAINT** |
| and | : | |
| HONEYWELL INTERNATIONAL INC., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

ALAN T. ROY, by his counsel, for his complaint against defendants states as follows:

## **PARTIES**

1.      Defendant Honeywell Traditional Retiree Medical/Vision Plan ("**PLAN**") is an

"employee welfare benefit plan" as that term is defined by Section 3 of the Employee Retirement

Income Security Act of 1974 ("**ERISA**"), 29 U.S.C. § 1002(1).  The address of the PLAN is 101

---

Columbia Road, P.O. Box 1447, Morristown, NJ 07962 (Attn: Retiree Medical Plan

Administrator).

2.      Defendant Honeywell International Inc.("**HONEYWELL**") is a Delaware

Corporation and the "sponsor" and "administrator" of the PLAN as those terms are defined by

Section 3 of ERISA, 29 U.S.C. § 1002(16).  In those capacities and through its agents,

HONEYWELL acts as a fiduciary exercising discretionary authority and control over the

management and administration of the PLAN and its assets.  The address of HONEYWELL is

101 Columbia Road, Morristown, NJ 07960 (Attn: General Counsel).

3.      Defendant Brian Marcotte ("**MARCOTTE**"), is HONEYWELL's Vice President

for Compensation & Benefits and, at all times relevant to this action, was designated as a Plan

Administrator who, in that capacity, acted as a fiduciary by reviewing claims and exercising

discretionary authority and control over the management and administration of the PLAN and its

assets.  The address of MARCOTTE is 101 Columbia Road, Morristown, NJ 07960 (Attn: V.P.

Compensation & Benefits).  (Defendants HONEYWELL and MARCOTTE are hereinafter

collectively the "**FIDUCIARIES**").

4.      Plaintiff Alan T. Roy ("**ROY**") is a resident of the District of New Jersey and a

former employee of HONEYWELL.  The address of ROY is 54 Spruce Street, Princeton, NJ

08542.  At all times material to this action, ROY was a "participant" in the PLAN as that term is

defined by Section 3 of ERISA, 29 U.S.C. § 1002(7).

## JURISDICTION & SUBJECT MATTER

5.      This is an action brought pursuant to the Employee Retirement Income Security

Act of 1974, 29 U.S.C. § 1001 *et seq.*, to recover benefits wrongfully denied to a participant in

---

the Honeywell Traditional Retiree Medical/Vision Plan, to secure the participant's rights to future benefits, and for statutory remedies and other equitable relief.

6.      The District Court has jurisdiction over this matter pursuant to Section 502(a) & (e) of ERISA, 29 U.S.C. §§ 1132(a)(1)-(3) & 1132(e).

7.      Venue is proper in the District of New Jersey pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2), because the plan at issue is administered in New Jersey.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of events giving rise to the claims occurred in New Jersey.

## BACKGROUND

8.      ROY retired from HONEYWELL in 2005 after 28 years of service.  At the time of his retirement, HONEYWELL granted ROY and certain other retirees the right to lifetime medical benefits under the PLAN with an option to defer enrollment in the PLAN until such time as the retiree elected to enroll.

9.      After retiring in 2005, ROY secured employment with a new employer who provided medical benefits.  Due to the availability of alternative benefits, ROY postponed enrollment in the PLAN.

10.      On June 2, 2009, without notice to ROY, HONEYWELL amended its U.S. Retiree Medical Plans to eliminate coverage for future retirees and to restrict the enrollment of current retirees.  As to the latter, the amendment provided that no retiree could defer enrollment beyond December 31, 2009.  A true copy of the amendment is attached as **Exhibit A**.

11.      The amendment's prospective elimination of ROY's right to enroll in the PLAN constituted a "material reduction" in "benefits provided under a group health plan" and triggered

---

the requirement, under Section 104(b)(1)(B) of ERISA, 29 U.S.C. § 1024(b)(1)(B), that

HONEYWELL provide ROY and other participants with disclosure and notice of the

amendment within sixty-days, or no later than August 1, 2009.

12.   HONEYWELL did not provide disclosure or give timely notice of the amendment

to ROY.

13.   HONEYWELL posts information about its pension and welfare benefit plans on a

website managed by Hewitt Associates, LLC, a third-party benefit administrator.  Some retirees,

like ROY, have access to some portions of the web site.

14.   On or about February 28, 2010, ROY visited the web site in search of tax

information on his pension.  During that search, he came across a document indicating that his

right to defer enrollment in the PLAN had terminated as of January 1, 2010.

15.   ROY was not aware of the need to enroll in the PLAN prior to January 1, 2010,

because the defendants failed to disclose the June 2, 2009, amendment and did not provide him

with actual notice of same.

16.   ROY took immediate action to correct the consequences of the defendants'

failures.  He began, on March 1, 2010, by calling the Honeywell Retiree Service Center to

request assistance in enrolling in the PLAN.

17.   On March 2, 2010, a representative of the Center returned ROY's call and

directed him to write to the Retiree Medical Plan Administrator.

18.   ROY composed a letter to the Retiree Medical Plan Administrator and mailed it

on March 4, 2010, by U.S. Certified Mail, Return Receipt Requested.  In the letter he asked to

enroll in the PLAN.  The final paragraph of the letter states:

---

*COMPLAINT (ERISA) OF ALAN T. ROY*                                          Page 4

> I cannot overemphasize how important it is to me to maintain my retiree medical coverage and that I do not intend to lose this benefit. Given that I was never appropriately notified of the significant change in this benefit and was completely unaware of the change, I would hope that you would look favorably upon my request to enroll now.

A true copy of his letter is attached as **Exhibit B**.

19.     A month passed without response or even acknowledgment of ROY's letter by the Retiree Medical Plan Administrator. Consequently, on April 7, 2010, ROY sent a second letter to the Administrator repeating his request for immediate enrollment in the PLAN. A true copy of his second letter is attached as **Exhibit C**.

20.     On April 14, 2010, HONEYWELL responded to ROY with a letter (hereinafter "**Denial Letter**") stating that "our records indicate that we did send you notification of the changes and documentation." HONEYWELL denied ROY's request to enroll in the PLAN on grounds that his request was untimely. True copies of the Denial Letter and its enclosures are attached as **Exhibit D**.

21.     Enclosed with the Denial Letter were two documents dated October 5, 2009. ROY's name and address appear inserted into each document using a different font and smaller typeface than the remaining text. See attachments to Exhibit D.

22.     HONEYWELL provided ROY with no proof of prior mailing, delivery, or receipt of the documents enclosed with its Denial Letter. ROY denies receipt of those enclosures at anytime prior to receipt of the Denial Letter dated April 14, 2010.

23 .     Through letter of counsel dated June 23, 2010, ROY requested the Retiree Medical Plan Administrator to furnish copies of plan documents as required by Section 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4). The Administrator received the letter on June 24,

2010.  A true copy of the letter, without attachments and with the return receipt, is attached as **Exhibit E**.

24.     Defendants did not provide plan documents within 30 days of receipt of the written request for same.  Despite defendants' failure, and to avoid the prejudice of further delay, on September 21, 2010, ROY, through counsel, submitted an appeal from the Denial Letter and renewed his request for plan documents.

25.     Defendants eventually provided plan documents to ROY's counsel through an email dated October 8, 2010.  In the email, HONEYWELL acknowledges  that the initial request for documents was "indeed received at Honeywell's office, [but] it was lost . . . ."  A true copy of the email, without attachments, is attached as **Exhibit F**.

26.     Defendants' handling of PLAN-related disclosures, notices, and documents is unreliable.  For example, Defendants not only lost ROY's request for plan documents, they misdirected supplemental materials supporting ROY's appeal.  The supplemental materials, submitted by ROY's counsel at the invitation of Defendants, were forwarded under cover of letter dated December 21, 2010.  Two days later, the United States Postal Service confirmed delivery of counsel's letter to the address provided by Defendants.  As of January 10, 2011, the date MARCOTTE issued his decision denying ROY's appeal from the Denial Letter, the supplemental materials had not been delivered to MARCOTTE.

27.     In addition to mishandling materials provided by participant ROY, Defendants failed to fulfil their notification obligations to ROY.  Defendants have no credible evidence of actual delivery of required notices to ROY.  In particular, Defendants have no proof of timely delivery or actual receipt of the amendment that eliminated ROY's right to defer enrollment in

---

*COMPLAINT (ERISA) OF ALAN T. ROY*                                                      Page 6

the PLAN.

28.    ROY has fully exhausted all administrative appeals and remedies.  Defendant

MARCOTTE, acting as Plan Administrator, has advised ROY that in denying his request for

enrollment, the PLAN has made a "final adverse benefit determination" and that ROY has "the

right to file a lawsuit" to challenge it.  A true copy of the determination letter dated January 10,

2011, (without attachments) is attached as **Exhibit G**.

**COUNT ONE**
**(Failure to Provide Plan Documents)**

29.    Plaintiff ROY incorporates the foregoing paragraphs as if fully set forth herein.

30.    ROY brings Count One pursuant to Section 502(a)(1)(A) of ERISA, 29 U.S.C. §

1132(a)(1)(A), which permits a participant to bring a civil action to recover per diem penalties

for failures to produce plan documents and for such other relief as the Court deems proper.

31.    HONEYWELL, as administrator of the PLAN, breached its statutory obligation

to provide ROY with copies of plan documents pursuant to Section 104(b)(4) of ERISA, 29

U.S.C. § 1024(b)(4).

32.    Pursuant to Section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), and 29 C.F.R. §

1575.502c-1, liability for that breach began to accrue on  July 24, 2010, 30 days after

HONEYWELL's receipt of ROY's request for plan documents, and continued to accrue for 78

days until the documents were provided by email on October 8, 2010.

33.    HONEYWELL is liable to ROY in an amount of up to $8,580.00 (78 days x

$110) and ROY is entitled to such other relief as the Court deems proper.

## COUNT TWO
**(Invalidation of PLAN Amendment for Failure to Provide Notice of Material Modification)**

34.     Plaintiff ROY incorporates the foregoing paragraphs as if fully set forth herein.

35.     ROY brings Count Two pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which authorizes a participant to bring a civil action to enjoin violations of ERISA and to obtain equitable relief in redress of such violations.

36.     HONEYWELL, as administrator of the PLAN, breached its obligation to disclose and provide ROY with timely notice of an amendment that constituted a material modification of the PLAN under Section 104(b)(1)(B) of ERISA, 29 U.S.C. § 1024(b)(1)(B).

37.     As a consequence of, and in reliance on that breach, HONEYWELL denied ROY's request to enroll in the PLAN as untimely.

38.     HONEYWELL's breach caused and continues to cause ROY substantial harm by, among other things, forcing him to forego medical care and/or to pay  for care and coverage he would have received under the PLAN.

39.     HONEYWELL's failure to inform ROY of the amendment to the PLAN in violation of ERISA was not an innocent oversight.  HONEYWELL mishandled, ignored, and withheld information affecting ROY's rights as a participant in the PLAN.  By breaching its duty to give ROY timely notice of the elimination of his right to defer enrollment in the PLAN, HONEYWELL succeeded in delaying ROY's enrollment.  After creating that delay, HONEYWELL employed it to deny ROY's request for benefits.  These are extraordinary circumstances and, as recognized in Ackerman v. Wanaco, Inc., 55 F.3d 117 (3d Cir., 1995), entitle ROY to substantive relief including invalidation of the amendment as a bar to his enrollment in the PLAN.

## COUNT THREE
### (Breach of Fiduciary Duty)

40.     Plaintiff ROY incorporates the foregoing paragraphs as if fully set forth herein.

41.     ROY brings Count Three pursuant to Sections 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(2) & (a)(3), which permit a participant to bring a civil action based on breach of fiduciary duty.

42.     The FIDUCIARIES had a duty to disclose and inform ROY of material modifications to the PLAN and to exercise due care in informing ROY about those modifications.

43.      The FIDUCIARIES breached their duty by failing to notify ROY of the amendment terminating his right to defer enrollment in the PLAN.

44.     The FIDUCIARIES' omissions were material as it was foreseeable that, absent timely notice of the amendment, retirees would remain unaware of the need to enroll in the PLAN prior to January 1, 2010, and would thereby forfeit valuable benefits.  As recognized in In re: Unisys, 579 F.3d 220 (3d Cir. 2009), such omissions are actionable as a breach of fiduciary duty.

45.     The FIDUCIARIES' omissions resulted in actual harm to ROY by denying him enrollment in the PLAN.

46.     In breaching their fiduciary duties, the FIDUCIARIES have exposed the PLAN to financials losses and liability for care and coverage wrongfully denied ROY.   The FIDUCIARIES are personally responsible for these losses and liabilities and should reimburse the PLAN for them pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109(a).

47.     ROY is entitled to enrollment in the PLAN, *nunc pro tunc*, and to other equitable relief.

## COUNT FOUR
(Wrongful Denial of Benefits)

48.     Plaintiff ROY incorporates the foregoing paragraphs as if fully set forth herein.

49.     ROY brings Count Four pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which permits a participant to bring a civil action to recover benefits and clarify rights to future benefits.

50.     As a retiree with the right to defer enrollment in the PLAN, ROY was a "participant" in the PLAN for purposes of  ERISA.  This is made clear by Section 3 of ERISA which provides:

> The term "participant" means . . . [a] former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . .

29 U.S.C. 1002(7) (emphasis added).

51.     The PLAN, acting through MARCOTTE, denied benefits to ROY, *inter alia,* on grounds that he was not a participant in the PLAN.   See **Exhibit G** at ¶ 7.  That decision was contrary to law and to Section 3 of ERISA, 29 U.S.C. § 1002(7), which confirms ROY's status as a participant.

52.     The PLAN, acting through MARCOTTE, denied benefits to ROY, *inter alia,* on the grounds that he ought to have and therefore did receive notice of the amendment to the PLAN by mail.  See **Exhibit G** at ¶ 5.  The PLAN relied on these grounds despite:  (1) the absence of any proof of mailing, delivery, or receipt of the amendment; (2) the absence of compliance with Section 104(b)(1)(B) of ERISA, 29 U.S.C. § 1024(b)(1)(B); (3) knowledge that other communications regarding ROY were misplaced or misdirected by HONEYWELL; and (4) a sworn statement from ROY attesting that he did not receive notice of termination of his

right to defer enrollment prior to January 1, 2010.  A true copy of ROY's statement, without

attachments, is attached as **Exhibit H**.

53.     Defendants' persistent mishandling of communications with ROY negates any

presumption that they fulfilled their disclosure and notice obligations to ROY.

54.      The reasons given for the denial of benefits are unsupported, arbitrary, and

capricious.

55.     HONEYWELL wrongfully denied benefits to ROY.


**WHEREFORE**, plaintiff ROY prays for the following relief pursuant to Sections 409(a),

502(a)(1)(A), 502(a)(1)(B), 502(a)(3), 502(c)(1), and 502(g)(1) of ERISA, 29 U.S.C. §§ 1109(a)

and 1132(a)(1)(A) & (B), (a)(3), (c)(1) & (g)(1):

(n)     Invalidation of the PLAN amendment eliminating his right to defer enrollment;

(a)     Enrollment in the PLAN *nunc pro tunc;*

(b)     All PLAN benefits lost as a consequence of denial of enrollment in the PLAN;

(c)     Reimbursement for costs incurred and losses suffered as a consequence of denial

of enrollment in the PLAN;

(d)     An award of $8,580.00 for Defendants' failures to provide plan documents;

(e)     Disgorgement by FIDUCIARIES and reimbursement of the PLAN for losses and

liabilities created by their breach;

(f)     Attorneys fees and court costs as provided by ERISA;

(g)      Pre-judgment and post-judgment interest; and

(h)     Such other legal and equitable relief as the Court may deem proper.

FARRELL & THURMAN, PC
Attorneys for Plaintiff, Alan T. Roy


/s/ *John L. Thurman*
JOHN L. THURMAN
P.O. Box 671
Princeton, New Jersey 08542-0671
Phone:  (609) 924-1115
Fax:  (609)924-5266
**thurman@ftlaw.net**

*For Hand Deliveries:*
 172 Tamarack Circle
 Skillman, NJ 08558


DATED:       May 23, 2011

---

# EXHIBIT A

**Honeywell**

## *Law Department Memorandum*
Morristown, New Jersey

Date:        May 4, 2009

To:          David M. Cote

From:        Kevin M. Covert
             Allison R. Klausner

Subject:     ***Amendment to the Honeywell International Inc. Group Health Plans***

Pursuant to the authority granted to you by the Management Development and Compensation Committee of Honeywell International Inc. (the "Corporation") on July 29, 2002, you are authorized to amend the employee welfare benefit plans of the Corporation if such actions will not materially increase the cost to or liability of the Corporation. In accordance with this authority and the Corporation's wishes to amend certain of its group health plans (other than reimbursement accounts) sponsored by the Corporation for United States employees ("U.S. Retiree Medical Plans"), the U.S. Retiree Medical Plans shall be, and hereby are, amended, to provide the following new terms and provisions.

### *Elimination of Retiree Medical Subsidy*

The Corporation has determined to eliminate its subsidy toward retiree medical and retiree prescription drug coverage for certain groups of employees who are, or may, become eligible for coverage under the existing terms of the U.S. Retiree Medical Plans ("Eligible Employees"). The following Eligible Employees shall be ineligible for subsidized retiree medical coverage unless they have (i) initiated their retirement for purposes of the U.S Retiree Medical Plans by July 31, 2009, and (ii) separated from service and retired on or before September 1, 2009:

- All nonunion Eligible Employees; and
- All union Eligible Employees if their medical benefits are determined with reference to the medical benefits (including retiree medical benefits) received by nonunion employees (but only to the extent such change can be made by the Corporation unilaterally under the applicable collective bargaining agreement and United States labor law).

In addition, Eligible Employees (or former Eligible Employees) who, on September 1, 2009, in accordance with a policy or plan sponsored by the Corporation, are:

- receiving periodic severance benefits;
- on an approved bridge leave for purposes of a pension plan;
- receiving short term or long term disability benefits;
- on an approved military leave of absence; or
- on an approved FMLA leave of absence

shall be ineligible for subsidized retiree medical coverage unless they enroll for coverage in a U.S. Retiree Medical Plans no later than the first day of the second month following the end of such period, as applicable. Collectively, these groups of Eligible Employees are referred to as "Special Inactive Eligible Employees" and the end of their enrollment period is referred to as "Special Enrollment Period."

*Enrollment Restrictions – for Subsidized and Access Only Retiree Medical Coverage*

The Corporation has determined to restrict enrollment in its U.S. Retiree Medical Plans. Any (i) Eligible Employee, and (ii) existing retiree who is otherwise eligible for coverage under a U.S. Retiree Medical Plan (without regard to whether such coverage is eligible for a subsidy from the Corporation), shall be ineligible for coverage under a U.S. Retiree Medical Plan if they have not enrolled for such coverage as follows:

- With respect to existing retirees, by January 1, 2010;
- With respect to Eligible Employees who are actively employed after September 1, 2009, by the first day of the second month following their last day of active employment; and
- With respect to Special Inactive Eligible Employees, by the end of their Special Enrollment Period.

*Re-Enrollment Restrictions*

The Corporation has determined to restrict enrollment in its U.S. Retiree Medical Plans. Any participant who opts out of coverage or who otherwise loses coverage under a U.S. Retiree Medical Plan on or after September 1, 2009 shall thereafter be ineligible to recommence participation in such plan.

This amendment to the U.S. Retiree Medical Plans shall be, and hereby is adopted and effective, as of the date set forth below.


_David M. Cote_                    6-2- , 2009

David M. Cote
Chief Executive Officer
Honeywell International Inc.

# EXHIBIT B

Certified Mail Return Receipt

March 4, 2010

Retiree Medical Plan Administrator
101 Columbia Road
PO Box 1447
Morristown, NJ 07962

To Whom It May Concern

In 2005 I retired from Honeywell after 28 years of service. At that time I elected to start receiving my pension, but decided to defer the start of any medical coverage as I am covered by a comprehensive medical plan with my current employer.

A few days ago I accessed the "Your Benefits Resources" web page managed by Hewitt specifically looking for tax information regarding my pension, but in doing so I happen to come across several documents regarding retiree Medical Benefits. Of specific concern for me was the comments regarding the fact that deferred or late enrollment to the Medical Plan was being eliminated Effective 01-01-2010.

I was not aware of this significant change in my benefits and had never been notified of the change. I contacted the Honeywell Retiree Service Center on March 1. A representative returned a call to me on March 2 and informed me there was nothing they could do and provided your contact information. During my discussion with them on March 2 I asked how I was supposed to have been informed of this change. They told me that notifications were made in several different ways including, in some cases, by e-mail. Although they did not know how my specific notification was made, I do know that past e-mails from the Honeywell Retiree Service Center were never received by me since they were apparently sent to a Honeywell e-mail address. In any case, I had never received the required notice that deferred or late enrollment to the Medical Plan was being eliminated Effective 01-01-2010 and was unaware of the change until a few days ago.

At this time I am respectfully requesting that you allow me to enroll at this time. This is a very valuable benefit and one that I was planning to take advantage of in a few years when I leave my current employer. Given the change in Honeywell's program eligibility criteria, I would like to immediately enroll in order to help assure future coverage.

I cannot overemphasize how important it is to me to maintain my retiree medical coverage and that I do not intend to lose this benefit. Given that I was never appropriately notified of the significant change in this benefit and was completely unaware of the change, I would hope that you look favorably upon my request to enroll now.


Thank You

*Alan T. Roy*

Alan T. Roy
54 Spruce Street
Princeton, NJ 08542
609 334 9142 (cell)
609 252 0056 (home)

# EXHIBIT C

April 7, 2010

Retiree Medical Plan Administrator
PO Box 1447
101 Columbia Road
Morristown, NJ 07962

To Whom It May Concern

I previously sent a letter to you on March 4, 2010 regarding the fact that I was never notified that deferred or late enrollment to the Medical Plan for retirees  was being eliminated Effective 01-01-2010. As I have not had a response from you, I have attached for your information, my earlier letter.

As described in my March 4 letter I retired from Honeywell effective October 2005.  By chance I became aware of the fact that deferred or late enrollment to the Medical Plan for retirees was being eliminated while looking for different information on the "Your Benefits Resources" web page managed by Hewitt. Immediately upon discovering this I contacted I contacted the Honeywell Retiree Service Center 1. A representative returned a call to me on March 2 and informed me there was nothing they could do and provided this Honeywell Headquarter's address for me to follow-up with.

At this time I respectfully request that you allow me to immediately enroll for coverage in the Retiree Medical Plan, even if it is necessary to pay for coverage retro-actively to January 1.  Please note that as explained in the attached letter, I never received the required notice that deferred or late enrollment to the Medical Plan was being eliminated effective January 2010 and was unaware of the change until early March, at which time I contacted the Honeywell Retiree Service Center. Also note that the Retiree Service Center indicated that they did not know how my specific notification was made, but they did inform me that notifications were made in several different ways including e-mail.  If indeed the notification to me regarding this change was made by e-mail, it never would have been received by me since the Service Center has historically used an old Honeywell e-mail address which obliviously is no longer in service.

I cannot overemphasize how important it is to me to maintain my retiree medical coverage and that I do not intend to lose this benefit. Given that I was never appropriately notified of the significant change to this benefit and I was completely unaware of the change, I would hope that you look favorably upon my request to enroll now.

I look forward to your response.

Thank You

Alan T. Roy
54 Spruce Street
Princeton, NJ 08542
609 334 9142 (cell)
609 252 0056 (home)

# EXHIBIT D

**Honeywell**

Honeywell
P.O. Box 1057
Morristown, NJ 07962-1057

April 14, 2010

Alan T. Roy
54 Spruce Street
Princeton, NJ 08542

Dear Mr. Roy,

We received your April 7th 2010 letter regarding retiree medical enrollment and your request to enroll into the Honeywell retiree medical program. We did research your request and our records indicate that we did send you notification of the changes and documentation to the above address of 54 Spruce Street, Princeton, NJ 08542. These documents were dated October 5th 2009.

Included in the mailing were the following documents:
- 2010 Annual Enrollment Worksheet
- Creditable Coverage Disclosure Notice

In have enclosed copies of the documents there sent to you. The policy rules indicate that if a participant has not enrolled in the Honeywell retiree medical plan by January 1, 2010 then future enrollment is not permitted. Due to the fact that we are past the January 1, 2010 date we can not enroll into a Honeywell retiree medical plan.

We regret that we do not have a more favorable response for you; however we are required to administer the plan in accordance with its written terms.

If you should have any future questions please feel free to contact the Honeywell Retirement Service Center at 1-800-526-0744.

Sincerely,

Lucia Galdi
H.R. Delivery Manager
Honeywell International

Enclosure.



# 2010 Annual Enrollment Worksheet

Statement Date 10-05-2009

 V001762
ALAN T. ROY
54 SPRUCE STREET
PRINCETON NJ  08542

Now's the time to decide if you would like to make changes to your Honeywell health care coverage and understand new enrollment restrictions that will apply effective January 1, 2010. If you are not enrolled in retiree medical coverage as of January 1, 2010 or if you should drop coverage at a later date, *you will not be permitted to enroll in the future.* Please read the enclosed materials to decide if you would like to make a change to your coverage.

Enclosed with this package is the information you will need to make your enrollment decision, including:

- **2010 Health Care options** — which shows the health care benefit plans available to you in your service area as of January 1, 2010.

- **A Notice of "Creditable Coverage" or "Non-Creditable Coverage"** — a written notice that certifies whether or not the prescription drug coverage provided to you through your Honeywell plan is "creditable" (on average, at least as good as the standard prescription drug coverage provided by Medicare) or "non-creditable" (not as good as the standard Medicare prescription benefit). Please keep this notice in a safe place.

As you review your enrollment materials, keep in mind that you may have other options available to you:

- If you have a spouse who is covered by an employer-sponsored plan, you may want to consider becoming a covered dependent under that plan if it provides comparable coverage at a lower cost.

- If you (or your spouse) are eligible for Medicare, you may want to explore other health plans available to the public in the individual market to see if you can find a plan that is more cost advantageous to you. The individual market has many options for Medicare-eligible retirees that may be more cost-effective than your current coverage.  Please visit www.medicare.gov or call 1-800-MEDICARE (1-800-633-4227), 24 hours a day, 7 days a week for additional information about Medicare and other options.



It's important to evaluate all your options carefully for both value and cost before making your decisions.

Remember, re-enrollment restrictions will apply beginning with the 2010 plan year. If you are not enrolled in retiree medical coverage as of January 1, 2010 or if you should drop coverage at a later date, *you will not be permitted to enroll in the future.*

Please follow the instructions below to determine whether or not you need to enroll.

## Instructions

Your default coverage is the coverage you are currently enrolled in.  It is listed on the following page along with the cost for the year 2010. *If you plan to keep the default coverage, you do not need to enroll. Your coverage will continue at the new 2010 cost.*

Based on your service area, you may have other healthcare options you want to consider. These options are listed under Your 2010 Health Care Options below.  If you would like to change your default coverage for 2010 and enroll in new coverage, you can either:

- **Make changes through the internet.** Simply visit **http://www.resources.hewitt.com/honeywell** to access Your Benefits Resources™ web site. You can make changes 24 hours a day, Monday through Saturday, and after 1 p.m. Eastern time on Sunday.

- **Make changes by phone.** If you do not have internet access, you can call the Honeywell Retirement Service Center at **1-800-526-0744**. Retirement Service Center Representatives are available to assist you between 9 a.m. and 6 p.m. Eastern time, Monday through Friday.

**Remember, to ensure changes are effective on January 1, 2010, you must make all changes by December 4, 2009.**

## Your 2010 Default Health & Welfare Coverage

|                                         | Monthly Price |
|-----------------------------------------|---------------|
| ● **Pre-65 Retiree Medical**            |               |
| Option 0--No Coverage                   | $0.00         |
| Coverage Category 0--No Coverage        |               |

## Your 2010 Health Care Options

Based on your home zip code (service area) on file with Honeywell as of the date this statement was printed, the following options are available to you for 2010. The costs shown in the Coverage Category fields are monthly.

| | | New Election | Monthly Price |
|---|---|---|---|
| ● **Pre-65 Retiree Medical** | | *Option*  | $ _____ |

| | Coverage Category | | | *Coverage Category* |
|---|---|---|---|---|
| | **1** | **3** | **4** | |
| **Option** | **You Only** | **You + One** | **You + Family** | |
| 0 No Coverage | $0.00 | $0.00 | $0.00 | |
| 215 United Healthcare Choice Plus | $304.65 | $589.69 | $752.87 | |
| 207 CIGNA OAP | $297.80 | $576.39 | $735.87 | |
| 192 Aetna Choice POS II | $231.67 | $448.10 | $571.87 | |

# Family Information

Listed below are the dependents you have on file. To protect your privacy, Social Security numbers are not shown. Please review this information. If you need to add dependents, make changes, or verify information, take note of the information needed and access the Your Benefits Resources™ Web site at **http://resources.hewitt.com/honeywell** or call the Honeywell Retirement Service Center at **1-800-526-0744**.

## • Person Information

|                               | You          | Dependent No. 1 |
| ----------------------------- | ------------ | --------------- |
| **Name**                      | ALAN T.      | SUSAN P.        |
|                               | ROY          | Roy             |
| **Birth Date**                | 02-15-1953   | 03-31-1955      |
| **Gender**                    | Male         | Female          |
| **Relationship**              | --           | Spouse          |
| **Full-Time Student Age 23-25** | --         |                 |
| **Disabled Dependent**        | --           |                 |

## • Coverage Information

|                             | You | Dependent No. 1 |
| --------------------------- | --- | --------------- |
| **Pre-65 Retiree Medical**  | No  | No              |

# Important Information About Your Honeywell Coverage and Medicare

### Enrolling in a Medicare Advantage Plan

If you are enrolling or disenrolling in a Medicare Advantage HMO or changing from one Medicare Advantage HMO to another, you will need to fill out an enrollment form or disenrollment form. The appropriate form(s), along with instructions for completion, will be sent to you from the Honeywell Retirement Service Center.

**Note:** You or your spouse will not effectively enroll or disenroll from the Medicare Advantage HMO until the enrollment/disenrollment forms are completed on a timely basis.

Passive Ann Enrl -EWS                                                                                         Page 5

**Medicare Part B**
Honeywell has designed its retiree medical benefits to work together *with* Medicare to provide you the coverage you need. If you or a dependent is Medicare eligible due to *age or disability*, enrollment in Medicare Parts A & B is necessary to receive maximum benefits once you retire.

Honeywell's Retiree Medical Plan works in conjunction with Medicare and determines benefits, assuming that you or your dependent have both Part A and Part B coverage. Although enrollment in Part B is optional, **it's important that you have both Part A and Part B coverage in order to maximize your benefits.** Here's why: The plan covers the costs that Part B doesn't, up to the amount that the Honeywell plan would have paid on its own, *whether you have Part B coverage or not.* This means if you or your dependent don't have Part B coverage, you'll personally be responsible for paying the costs that Part B would have covered. Declining Medicare Part B coverage may result in **no benefit payments** under the Honeywell Retiree Medical Plan and may result in a higher Part B premium when you enroll after you are first eligible.

**Medicare Part D**
Please read the Notice of "Creditable Coverage" or "Non-Creditable Coverage" included with your enrollment materials for details about Medicare prescription drug coverage and Honeywell prescription drug coverage.

As a reminder, for most Honeywell retirees, the prescription drug coverage available through Honeywell is as good as or better than the coverage provided through Medicare prescription drug plans (Medicare Part D). Therefore, most Honeywell retirees will not benefit from joining a Medicare prescription drug plan. However, keep in mind that it is up to you to research your options, including Medicare Part D and other prescription drug plans available to you privately, and decide what prescription drug coverage is best for you.

*Although Honeywell International Inc intends to continue this benefit plan, the plan may be amended, revoked, suspended or terminated at the discretion of Honeywell at any time and for any reason. In addition, neither this letter, nor any other written or oral communication, nor your participation in the Honeywell Retiree Medical Plan is intended to create a contract or continuation of benefits.*

*Full details of the Honeywell Retiree Medical Plan and other Honeywell benefits are contained in the legal documents that governs each plan. Should there be any conflict between those plan documents and the information in this letter, the plan documents will govern.*

Your Benefits Resources™ is a trademark of Hewitt Associates LLC.



# Honeywell

**Welfare Plan**
**Creditable Coverage Disclosure Notice**
Statement Date 10-05-2009


V001762
ALAN T. ROY
54 SPRUCE STREET
PRINCETON NJ  08542

## Important Notice from Honeywell About Your Prescription Drug Coverage and Medicare

**Please read this notice carefully and keep it where you can find it. This notice has information about your current Honeywell prescription drug coverage with Honeywell and about your options under Medicare's prescription drug coverage. This information can help you decide whether or not you want to join a Medicare prescription drug plan. If you are considering joining, you should compare your current coverage, including which drugs are covered at what cost, with the coverage and costs of the plans offering Medicare prescription drug coverage in your area. Information about where you can get help to make decisions about your prescription drug coverage is at the end of this notice.**

**There are important things you need to know about your current coverage and Medicare's prescription drug coverage. Read this notice carefully - it explains your options.**

**Medicare prescription drug coverage became available in 2006 to everyone with Medicare. You can get this coverage if you join a Medicare prescription drug plan or join a Medicare Advantage Plan (like a HMO or PPO) that offers prescription drug coverage. All Medicare drug plans provide at least a standard level of coverage set by Medicare. Some plans may also offer more coverage for a higher monthly premium.**



## Creditable Coverage

**Honeywell has determined that the Honeywell prescription drug coverage option(s) listed below is, on average for all plan participants, expected to pay out as much as standard Medicare prescription drug coverage pays and is therefore considered Creditable Coverage.**

- United Healthcare Choice Plus
- CIGNA OAP
- Aetna Choice POS II

**Because the Honeywell prescription drug coverage option(s) listed above is Creditable Coverage, you can keep this coverage and you will not pay a higher premium (a penalty) if you later decide to join a Medicare drug plan.**

## What happens to Your Creditable Coverage If You Decide To Join A Medicare Drug Plan?

**If you decide to join a Medicare drug plan, your creditable Honeywell coverage will be affected. See below for more information about what happens to your current coverage if you join a Medicare prescription drug plan.**

Your Honeywell coverage pays for other medical expenses in addition to prescription drugs. You or your covered family members that join a Medicare prescription drug plan will be eligible to continue receiving prescription drug coverage and these other medical benefits.

**Medicare drug coverage does not coordinate with the Honeywell Plan.** Since you already have comprehensive prescription drug benefits through your Honeywell plan, in most cases, it is not advantageous to enroll in a Medicare prescription drug plan and pay a monthly premium for duplicate coverage – especially since Medicare drug benefits will not be coordinated with the Honeywell plan. If you do decide to enroll in a Medicare drug plan, be sure to use your Medicare prescription drug card whenever you fill a prescription since this will be your primary coverage. If you do not enroll in a Medicare drug plan, your drug benefits will continue to be covered under the Honeywell plan.

## When Can You Join a Medicare Drug Plan?

You can join a Medicare prescription drug plan when you first become eligible for Medicare and each year from November 15 through December 31.

**If Current Coverage Is Creditable:**
If you lose (or are losing) your current creditable prescription drug coverage, through no fault of your own, you will be eligible for a two (2) month Special Enrollment Period (SEP) to join a Medicare drug plan.

**If Current Coverage Is Non-Creditable:**
If you decide to drop  your current non-creditable coverage with Honeywell, since it is employer/union sponsored group coverage; you will be eligible for a two (2) month Special Enrollment Period to join a Part D plan; however you also may pay a higher premium (penalty) because you did not have creditable coverage under Honeywell.

038800049 09796-V001762 

## When Will You Pay A Higher Premium (Penalty) To Join A Medicare Drug Plan?

### If Current Coverage Is Creditable:

You should also know that if you drop or lose your current coverage with Honeywell and don't join a Medicare prescription drug coverage plan within 63 continuous days after your current coverage ends, you may pay a higher premium (a penalty) to join a Medicare drug plan later.

If you go 63 continuous days or longer without prescription drug coverage that's at least as good as Medicare's prescription drug coverage, your monthly premium may go up by at least 1% of the Medicare base beneficiary premium per month for every month that you did not have that coverage. For example, if you go 19 months without coverage, your premium may consistently be at least 19% higher than the Medicare base beneficiary premium. You may have to pay this higher premium (a penalty) as long as you have Medicare prescription drug coverage. In addition, you may have to wait until the following November to join.

### If Current Coverage Is Non-Creditable:

Since the coverage under Honeywell, is not creditable, depending on how long you go without creditable prescription drug coverage you may pay a penalty to join a Medicare drug plan. Starting with the end of the last month that you were first eligible to join a Medicare drug plan but didn't join, if you go 63 continuous days or longer without prescription drug coverage that's creditable, your monthly premium may go up at least 1% of the Medicare base beneficiary premium per month for every month that you did not have that coverage. For example, if you go 19 months without coverage, your premium may consistently be at least 19% higher than the Medicare base beneficiary premium. You may have to pay this higher premium (a penalty) as long as you have Medicare prescription drug coverage. In addition, you may have to wait until the following November to join.

## Creditable Coverage History

Our records indicate that you and your family members eligible for Honeywell coverage are not covered by Medicare.

If you or a family member has Medicare, please call the Honeywell Retirement Service Center toll-free at **1-800-526-0744**. The information will be updated and a revised notice will be sent to you.

## For More Information

If you need additional information, access Your Benefits Resources™ at **http://resources.hewitt.com/honeywell** or call the Honeywell Retirement Service Center toll-free at **1-800-526-0744**.  Retirement Service Center Representatives are available between 9 a.m. and 6 p.m., Eastern time, Monday through Friday.

Please address any written correspondence to:

Honeywell Retirement Service Center
100 Half Day Road
P.O. Box 1525
Lincolnshire, IL 60069-1525

Note: You will get a notice each year. You will also get one before the next period you can join a Medicare drug plan, and if this coverage through Honeywell changes. You also may request a copy.

## For More Information About Your Options Under Medicare Prescription Drug Coverage

More detailed information about Medicare plans that offer prescription drug coverage is in the *Medicare & You* handbook. You'll get a copy of the handbook in the mail every year from Medicare. You may also be contacted directly by Medicare drug plans. For more information about Medicare prescription drug coverage:



- Visit **www.medicare.gov**
- Call your State Health Insurance Assistance Program (see your copy of the *Medicare & You* handbook for their telephone number) for personalized help
- Call 1-800-MEDICARE (1-800-633-4227). TTY users should call 1-877-486-2048.

If you have limited income and resources, extra help paying for a Medicare prescription drug plan is available. For information about this extra help, visit Social Security on the web at **www.socialsecurity.gov**, or call them at 1-800-772-1213 (TTY 1-800-325-0778).

**Remember: Keep this notice. If you decide to join one of the Medicare prescription drug plans, you may be required to provide a copy of this notice when you join to show whether or not you have maintained creditable coverage and, therefore, whether or not you are required to pay a higher premium (a penalty).**

Your Benefits Resources™ is a trademark of Hewitt Associates LLC.

# EXHIBIT E

# FARRELL & THURMAN

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Post Office Box 671
Princeton, New Jersey 08542

(609) 924-1115 Telephone
(609) 924-5266 Facsimile
admin@ftlaw.net

*For Hand Deliveries:*
172 Tamarack Circle
Skillman, New Jersey 08558

June 23, 2010

***Via U.S. Registerd Mail Return Receipt Requested:***
Retiree Medical Plan Administrator
Honeywell International Inc.
c/o Corporate Employee Benefits Department
PO Box 2245
101 Columbia Road
Morristown, NJ 07962

Re: Alan Roy and Claim for Benefits Under Retiree Medical Plan

Please be advised that I am writing on behalf of Alan Roy, who I represent.

Mr. Roy retired from Honeywell in 2005 after 28 years of service. As part of his retirement package, he was offered a lifetime Medical Plan which he could sign up for at any time. He elected not to sign up at the time he retired from Honeywell as he had secured employment with another employer that provided medical coverage. He intended to sign up for the Medical Plan at a later date.

In late February of this year Mr. Roy was reviewing the Honeywell "Your Benefits Resources" web page that is managed by Hewitt with regard to tax information concerning his pension. He happened to come across several documents regarding retiree medical benefits that indicated that deferred or late enrollment to the Medical Plan was being eliminated effective 1-1-10. This was the first Mr. Roy had learned of the change to his right to deferred or late enrollment. Had Mr. Roy been aware of the pending change to his rights, he would have signed up for the Medical Plan prior to that date, even though he continues to receive medical coverage through his new employer. He is willing to pay the premium costs for such enrollment effective 1-1-10.

By correspondence of March 4, 2010, Mr. Roy notified the Retiree Medical Plan Administrator that he had not received notification of the change in his right to sign up for deferred or late enrollment to the Medical Plan and requested that he be permitted to immediately enroll (copy attached). Mr. Roy sent follow-up correspondence dated April 7, 2010, as he had not received a response to his earlier correspondence (copy attached). Mr. Roy received correspondence dated April 14, 2010, denying his request to enroll and also advising that a review of records indicated that notification of the pending changes to his right to deferred or late enrollment had been sent to him on October 5, 2010 (copy attached). Nevertheless, Mr. Roy did not receive the notification. It is to

**FARRELL & THURMAN**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Retiree Medical Plan Administrator
June 22, 2010
Page 2

be noted that Mr. Roy had previously received notifications in the mail regarding his retirement rights.

There is good reason to accept Mr. Roy''s representation that he did not receive the notification. His personal circumstances have not changed since October 5, 2010, the date records indicate notification of the change was sent to him. He continues to receive medical coverage from his current employer, which is the same employer he went to work for upon retiring from Honeywell. His request for the right to enroll came shortly after the window to enroll closed and he is willing to pay premiums for the Medical Plan effective 1-1-10. This is not a situation where years later someone''s life circumstances have changed and access to Medical Plan is required and there is an inducement to conveniently forget that notification was received. Accordingly, under the circumstances at hand, you are requested to permit Mr. Roy to enroll in the Medical Plan effective January 1, 2010, based on the fact that he did not receive notification of the change.

If Mr. Roy is not permitted to enroll in the Medical Plan, please accept this as a formal request for the following materials:

- a copy of the Plan documents and all amendments;

- copies of the current and prior Summary Plan Descriptions; and

- Form 5500 and all attachments.

After I have reviewed the above documents, I will file a formal request for appeal of the denial of benefits to exhaust administrative procedures before initiating legal action.

Thank you for your attention to this matter and your anticipated prompt reply.

Very truly yours,

James M. Farrell, Esq.

With enclosures
JMF/mab

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Retiree Medical Plan Administrator
Honeywell International, Inc.
c/o Corporate Employee Benefits Dept
PO Box 2245
101 Columbia Road
Morristown, NJ 07962

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   *(Transfer from service label)*    7003 0500 0005 2225 4708

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $  .61 |
| Certified Fee | 2.80 |
| Return Reciept Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  5.71 |

Postmark Here  ROCKY HILL 08853-9998  JUN 23 2010

Sent To  Retiree Medical Plan Administrator
Street, Apt. No.; or PO Box No.  101 Columbia Rd PO Box 2245
City, State, ZIP+4  Morristown, NJ

PS Form 3800, June 2002    See Reverse for Instructions

7003 0500 0005 2225 4708

# EXHIBIT F

**James Farrell**

| | |
|---|---|
| **From:** | Klausner, Allison [Allison.Klausner@honeywell.com] |
| **Sent:** | Friday, October 08, 2010 1:20 PM |
| **To:** | James Farrell |
| **Subject:** | Your client - Alan Roy |
| **Attachments:** | amendment001.pdf; SMM Ret Med (2010).pdf; Scan001 (7).pdf; SMM Retiree Medical - updated6_09 - PDF.PDF; 2010 Retiree Med Amendment.mdi; 2008 Traditional Retiree SPD Final (3) (7).pdf; 2006 Traditional Retiree SPD Final .pdf |

**Importance:**      High


Dear Mr. Farrell:

Please note that I have received a copy of your September 21, 2010 letter regarding your client Mr. Alan Roy and his desire to be covered by and participate in Honeywell's retiree medical plan.  Although a formal response will follow with respect to his request for eligibility, at this time I am attaching a copy of the following documents:

(1) 2008 retiree medical plan document (which serves as both the plan and the SPD), as well as the 2006 document (prior plan document and SPD)
(2) 2008 amendment/resolution to such plan document
(3) 2009 amendment/resolution to such plan document
(4) 2009 SMM to such plan document
(5) 2010 Resolution to such plan document
(6) 2010 Amendment to such plan document
(7) 2010 SMM to such plan document

Please note that the IRS Form 5500 will follow shortly (next week).  Please confirm that you only want the 5500 attachments related to this portion/option under the plan.

Finally, as noted above, a fuller response will be provided regarding your client's request to be eligible for enrollment in and coverage under the retiree medical plan despite the recent amendment to the plan terminating those privileges.  A response would have been provided to your earlier letter (prior to September, 2010) but, unfortunately, although the letter was indeed received at Honeywell's offices, it was lost while being forwarded for handling.  We do indeed have processes in place designed to ensure that claims are handled in a manner necessary for timely handling, however, on this occasion our internal mail delivery appears to have failed.

Please feel free to contact me while you are awaiting the additional documentation requested.

Regards,
Allison

> **Honeywell International Inc.**
> **Allison R. Klausner**
> Assistant General Counsel - Benefits
> Corporate Law
> 101 Columbia Road
> Morristown, NJ  07960
> Phone  ☎  973-455-4478
> Mobile  ☎  973-610-0898
> E-Fax  📠  973-455-5117
> Email  ✉  *allison.klausner@honeywell.com*

1

**Attachment B**

# EXHIBIT G

# Honeywell

**Brian Marcotte**
Vice President
Compensation & Benefits

Honeywell
Morristown, NJ  07962

January 10, 2011

**Via Federal Express**

James M. Farrell, Esq.
Farrell & Thurman
172 Tamarack Circle
Skillman, NJ  08558

    RE:  Alan T. Roy

Dear Mr. Farrell:

  As you know, Honeywell has received the request of your client, Alan T. Roy, to enroll in the Honeywell International Inc. Retiree Medical Plan (the "Plan").   I am the Plan Administrator and I am writing to you in your role as Mr. Roy's authorized representative with respect to his request for enrollment in the Plan. Although Mr. Roy's request is more akin to a request for an exception from the Plan's rules, as the Plan Administrator, I have agreed to treat Mr. Roy's request as a claim under the Plan.

  As required, I have conducted a full and fair review of Mr. Roy's claim. As the Plan Administrator reviewing the claim on appeal, I have not given deference to the initial denial. Rather, I have reviewed and examined the claim anew.  I note that I am not subordinate to any of the person or persons who made the initial decision.

  Although review of a claim on appeal considers all comments, documents, records, and other information that are submitted by Mr. Roy (or you, as his authorized representative) relating to his claim, without regard to whether such information was submitted or considered in the initial determination, I note that no information was submitted other than your letters of September 21, 2010 and June 23, 2010, as well as Mr. Roy's letters of June 21, 2010, April 7, 2010 and March 4, 2010 (collectively, the "Roy Letters").    For your convenience, the Roy Letters (and the attachments) are enclosed with this letter.

HON 267923

In addition to the Roy Letters, I note that I have confirmed that Honeywell's records support Mr. Roy's assertions that (1) he was an employee of Honeywell (and/or one of its predecessor companies), (2) his employment with Honeywell ended in 2005 after a long period of service and (3) in 2009 he was eligible to enroll in the Honeywell retiree medical plan. In fact, the 2010 Annual Enrollment Worksheet sent to Mr. Roy on October 5, 2009 is consistent with and fully supports Mr. Roy's assertions.

Notwithstanding Mr. Roy's right in 2009 to enroll in the Honeywell Plan, Mr. Roy's right to enroll in the retiree medical plan was not exercised before the right was terminated in accordance with a Plan amendment which required individuals eligible to be enrolled on January 1, 2010 to be enrolled. As described in the 2010 Annual Enrollment Worksheet, dated October 5, 2010 (in bold and italics font), Mr. Roy was informed that failure to enroll in the Plan for retiree medical coverage as of January 1, 2010 would result in his being prohibited from enrolling in the future. This information, which was indeed mailed to Mr. Roy at his then and now current address, is consistent with the Plan, as amended, and the Summary of Material Modifications (SMM). For your convenience, a copy of the Plan amendment (signed and dated June 2, 2009) and the SMM are enclosed with this letter.

Mr. Roy's claim is essentially based upon his assertion that he did not receive the 2010 Annual Enrollment Worksheet and that he did not otherwise know about the Plan amendment or the SMM prior to 2010. Notwithstanding, I do believe that Mr. Roy received the 2010 Annual Enrollment Worksheet as it was not returned as undeliverable and other mail sent by Honeywell and our vendors to Mr. Roy at his then and now current address have been received and not been returned as undeliverable.

I note that, even if Honeywell did not send an annual enrollment worksheet to Mr. Roy, the Plan amendment would still apply to Mr. Roy. Mr. Roy was not a participant in the Plan in 2009 and as such he had no legal entitlement in 2009 to receive the SMM modifications to the Plan. Rather, Honeywell sent the 2010 Annual Enrollment Worksheet to Mr. Roy as a courtesy. Likewise, as a courtesy, Honeywell facilitated posting the SMM on the retiree website in an effort to reach more retirees eligible in 2009 for enrollment for the 2010 plan year. Honeywell took the extra steps so that they would be aware that a failure to enroll in the Plan for 2010 would result in their being prohibited from enrolling in the future.

It is unfortunate that Mr. Roy's 2010 request for enrollment in the Plan was late and has created a bar to his enrollment whereas Honeywell's untimely response to Mr. Roy's late request does not have such draconian results. Notwithstanding, the Plan provision applicable to Mr. Roy, which prohibits his enrollment in the Plan due to his failure to enroll for January 1, 2010, still applies. Honeywell's untimely response to Mr. Roy's late request for enrollment does not undo the application of the Plan amendment to Mr. Roy.

This letter serves as notice of a final internal adverse benefit determination. I have referred you to the Plan provision on which the denial is based. No internal rule, protocol, guideline, or other criterion was relied upon in denying the claim on appeal. You may request copies of all documents, records, and other information relevant to your claim, however, I do believe that we have already provided them to you.

HON 267923

Although you have not requested coverage for any particular benefit, we are declining coverage for all benefits as you are not entitled to enroll in and be covered by the Plan. If you think this final internal adverse benefit determination was made in error, you have the right to file a lawsuit within the six month period starting with the date of this letter.

Sincerely,

Brian J. Marcotte
Plan Administrator

Enclosures
cc:     Alan T. Roy (via Federal Express)

HON 267923

# EXHIBIT H

FARRELL & THURMAN, PC
P.O. Box 671
Princeton, New Jersey 08542-0671
Ph: (609) 924-1115
Fx: (609)924-5266

*For Hand Deliveries:*
172 Tamarack Circle
Skillman, NJ 08558

*Attorneys for Appellant: Alan Roy*

| | |
|---|---|
| ALAN ROY, <br>            Appellant <br><br> v. <br><br> HONEYWELL TRADITIONAL <br> RETIREE MEDICAL/VISION PLAN, <br><br>            Appellee | APPEAL of DENIAL of CLAIM to ENROLL in the HONEYWELL TRADITIONAL RETIREE MEDICAL/VISION PLAN <br><br> CERTIFICATION OF ALAN ROY |

I, Alan Roy, of full age certify as follows:

1. At all times relevant to this matter, I was a retiree of Honeywell International and am eligible to participate in the Honeywell Traditional Retiree Medical/Vision Plan (the "Plan").

2. I have personal knowledge of the facts set forth in this certification. I am providing this certification to the Appeals Administrator for the Plan for use in the above-referenced matter.

3. I retired from Honeywell in 2005 after 28 years of service.

4. As part of my retirement package, Honeywell offered me a lifetime Plan which I could sign up for at any time.

5.  I elected not to sign up for the Plan at the time of my retirement from Honeywell as I had secured employment with another employer that provided medical coverage. Honeywell's Plan gave me the option of signing up at a later date, which I intended to do.

6.  Early this year, 2010, I was reviewing the Honeywell "Your Benefits Resources" web page that is managed for Honeywell International by Hewitt and Associates. I was looking for tax information concerning my pension. During my review, I happened to come across documents regarding retiree medical benefits that indicated that deferred or late enrollment to the Plan had been eliminated effective January 1, 2010. This was the first I had learned of the change to my right to deferred or late enrollment.

7.  Had I received notice of the pending change to my right to deferred or late enrollment, I would have signed up for the Plan in 2009, even though I continue to receive medical coverage through my new employer. I am willing to pay the premium costs for such enrollment effective January 1, 2010.

8.  By correspondence of March 4, 2010, I notified the Retiree Medical Plan Administrator that I had not received notification of the change in my right to sign up for deferred or late enrollment to the Plan. I requested that I be permitted to immediately enroll. (See attachment A, my correspondence of March 4, 2010 to the Plan Administrator.) Receiving no reply, I sent follow-up correspondence to the Plan Administrator, dated April 7, 2010. (See attachment B, my correspondence of April 7, 2010 to the Plan Administrator.)

9.  I received correspondence dated April 14, 2010 from the Honeywell International H.R. Delivery Manager, denying my request to enroll in the Plan and advising that a review of records indicated that notification of the pending changes to my right to deferred or late enrollment had been sent to me on October 5, 2009. (See attachment C, the H.R. Delivery Manager's correspondence of April 14, 2010 denying my claim.)

10.  I did not receive the notification referenced in the letter from the H.R. Delivery Manager. I had previously received notifications in the mail regarding my retirement rights, but did not receive the notice at issue.

11.  My personal circumstances have not changed since October 5, 2009, the date records indicate notification of the change was sent to me. I continue to receive medical coverage from my current employer, which is the same employer I went to work for upon retiring from Honeywell.

12.  My request for the right to enroll came shortly after the window to enroll closed and I am is willing to pay premiums for the Plan effective retroactively to January 1, 2010.

13.  A representative of Hewitt and Associates, an agent of Honeywell International, told me in a telephone conversation that there is no record that the notification was actually delivered to me.

14.   I certify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: ___9/13/10_____, 2010                 _____
                                                                   Alan Roy